IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY T. SENN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-747-WKW |
| | ) | [WO] |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants have removed this action pursuant to 28 U.S.C. §§ 1441 and 1446(b)(1), alleging that this action is within the court's original jurisdiction under 28 U.S.C. § 1332(a).  Before the court is Plaintiffs' Motion to Remand.  (Doc. # 20.)  The motion is fully briefed (Docs. # 25, 28), and the matter is ready for adjudication.  Based upon the arguments of counsel and the relevant law, Plaintiffs' Motion to Remand is due to be granted.

**I. BACKGROUND**

**A.    The Parties**

Plaintiffs are Anthony T. Senn and Adam Senn.  Plaintiffs are citizens of Alabama. *See* § 1332.

Defendants are State Farm Mutual Automobile Insurance Company ("State Farm"), an Illinois corporation with its principal place of business in Illinois, *see* § 1332(c)(1), and Josh Howell ("Howell"), an employee of State Farm and citizen of Alabama.

## B.    Procedural and Factual History

This action stems from a dispute resulting from the medical payments coverage of Plaintiffs' State Farm automobile policy totaling $10,000 in medical payments paid to Plaintiffs as a result of injuries sustained in a motor vehicle accident.   (Doc. # 7-1 ¶ 10.)   Plaintiffs retained an attorney and signed a contingency fee agreement, which provided the attorney a percentage[1] of any potential recovery against the tortfeasor and reimbursement of expenses.   (Doc. # 7-1 ¶ 11.)  A settlement with the tortfeasor's insurance carrier was reached, and settlement funds were received on behalf of Plaintiffs. (Doc. # 7-1 ¶ 11.)  Pursuant to the Common Fund Doctrine, the attorney deducted the agreed upon contingency fee from the "State Farm subrogation recovery, and remitted the net subrogation recovery to State Farm in care of State Farm's Josh Howell."  (Doc. # 7-1 ¶ 12.) Plaintiffs allege that Defendants insisted on 100% recovery of State Farm's subrogation interest and demanded repayment of the full amount.  (Doc. # 7-1

---

[1]   The Complaint does not specify the percentage of the contingency fee.  Plaintiffs assume a contingency fee arrangement of 33 1/3% or 40%.

¶ 13.)   As a result, Plaintiffs filed suit in the Circuit Court of Barbour County, Alabama.

The Complaint asserts the following state-law claims:   (1) intentional interference with contractual/business relations (Count I); (2) misrepresentation, suppression, violation of Alabama's regulatory protocol (Count II); (3) breach of contract (Count III); (4) unjust enrichment (Count IV); and (5) bad faith (Count V). Plaintiffs seek unspecified compensatory damages for mental anguish, emotional distress, embarrassment, humiliation, harm to reputation and injuries, as well as punitive damages.

Defendants timely removed this action to this court on the grounds that the amount in controversy was met and Mr. Howell was fraudulently joined to defeat federal diversity jurisdiction. *See* § 1441(a) (allowing removal of civil actions over which the district courts have original jurisdiction); § 1332(a) (defining original jurisdiction as including civil actions where the amount in controversy exceeds $75,000 and there is complete diversity). Within thirty days of removal, Plaintiffs moved to remand arguing first, that Defendants have failed to show that the amount in controversy meets federal jurisdictional requirements, and second, that Defendants have failed to meet their burden of showing, by clear and convincing evidence, that Mr. Howell was fraudulently joined, and therefore complete diversity is lacking.

## II.  STANDARD OF REVIEW

**A.**     <u>**Generally**</u>

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, with respect to cases removed to this court pursuant to § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

**B.**     <u>**Section 1332(a) Removals Where Damages are Unspecified**</u>

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  *See* § 1332(a).  Section 1332(a)(1) confers jurisdiction on the federal courts when the dispute is between "citizens of different States," and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Id.*  Where the complaint alleges unspecified damages, the removing party bears the burden of establishing the amount in controversy by a preponderance of the evidence.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* § 1446(c)(2)(B).  In some cases, the preponderance burden

"requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka*, 608 F.3d at 744). "In other cases, however, it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Id.* (quoting *Pretka*, 608 F.3d at 754). In either case, the amount in controversy must be measured as of the time of removal, not by events occurring afterward. *See Pretka*, 608 F.3d at 751.

## C.   <u>Remand</u>

28 U.S.C. § 1447(c) provides, in relevant part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* As explained in *Lowery*, "§ 1447(c) distinguishes between motions to remand made within the first thirty days following removal, and challenges to subject matter jurisdiction brought after that time." 483 F.3d at 1213 n.64. "Plaintiffs have only thirty days from the notice of removal to file a motion to remand challenging any procedural defects in the removal." *Id.* In other words, "[t]here is only a thirty-day window . . . for a

plaintiff to challenge the propriety of the removal itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction." *Id*.

### III.  DISCUSSION

Plaintiffs make two arguments in support of their motion to remand.  They argue, first, that Defendants have failed to meet the jurisdictional amount-in-controversy requirement for removal and, second, that Defendants have not demonstrated the fraudulent joinder of Mr. Howell such that complete diversity is lacking.   Because the amount-in-controversy inquiry is dispositive, it is unnecessary to address the parties' arguments regarding fraudulent joinder.

The parties do not dispute that this is a § 1446(b)(1) removal and thus, governed by *Pretka*.  Additionally, there is no dispute that Plaintiffs timely filed their Motion to Remand within the thirty-day window.  Rather, the critical issue is whether the Complaint, which seeks unspecified compensatory and punitive damages, sustains Defendants' removal burden to prove by a preponderance of the evidence § 1332(a)'s amount in controversy.

Defendants argue that, even though the Complaint does not specify the amount of damages sought, it is readily apparent from its allegations that at the time of removal more than $75,000 was at stake.  According to the Complaint, State Farm paid a total of $10,000 under the medical payments coverage of the insurance policy (Doc. # 7-1 ¶ 10), and Plaintiffs agreed to pay their attorney a

percentage of any recovery from the tortfeasor as attorney's fees and for reimbursement of expenses.  (Doc. # 7-1 ¶ 11.)  Further, Defendants assert that Plaintiffs' refusal to stipulate that the amount in controversy is less than $75,000 is evidence satisfying Defendants' burden of proof.  (Doc. # 25, at 8, citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).)  Defendants contend that, "when the allegations of the Complaint are taken into account with the combined amount and elements of damages sought, the Plaintiffs' refusal to stipulate, and judicial experience and common sense, it is clear that the amount in controversy more likely than not exceeds $75,000 exclusive of interests and costs."  (Doc. # 25, at 1–2.)

Plaintiffs counter that Defendants have failed to establish the jurisdictional amount by a preponderance of the evidence.  (Doc. # 20, at 1–2, 5.)  According to Plaintiffs, assuming the agreed-upon attorney's fee between Plaintiffs and their attorney was 40%, the amount State Farm refused to pay was $2,000 for each Plaintiff, for a total of $4,000.  Hence, the baseline for calculating the amount in controversy "is the failure of State Farm to pay [Plaintiffs'] attorney about $2,000 on each of the subrogation recoveries of $5,000, plus whatever extra-contractual damages each plaintiff may recover under Alabama law on a $2,000 liquidated damages claim."  (Doc. # 20, at 5.)  Plaintiffs have the better argument.

In *Pretka*, the Eleventh Circuit articulated the scope of evidence that can be considered and the burden of proof for establishing the jurisdictional amount where the complaint alleges unspecified damages and is removed pursuant to §§ 1332(a) and 1446(b)(1).  608 F.3d 744 (11th Cir. 2010).  In an action timely removed based upon the initial pleading, *Pretka* permits consideration of evidence outside the removal petition.  *Id*. at 754–55.  "When the complaint does not claim a specific amount of damages, removal from state court is jurisdictionally proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."   *Id*. at 754 (internal quotation marks and citation omitted).  If it is not facially apparent from the complaint, the court "should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Id.*

## A.    <u>Facially Apparent</u>

Notwithstanding that damages are unspecified in the Complaint, Defendants contend that the number of claims and the nature of damages sought reveal that the amount in controversy exceeds $75,000.  The Complaint's allegations, however, do not describe Plaintiffs' injuries in sufficient detail to ascertain that the removal was proper.  Defendants' notice of removal, therefore, must be examined.

**B.**     <u>Plaintiffs' Refusal to Stipulate the Amount in Controversy</u>

In the notice of removal, Defendants emphasize that Plaintiffs have refused to stipulate that the amount in controversy is below the jurisdictional threshold.  As the Eleventh Circuit has explained, "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Defendants' burden of proof on the jurisdictional issue."  *Williams*, 269 F.3d at 1320.  Defendants submit no other evidence, other than Plaintiffs' refusal to stipulate.  Because the refusal to stipulate stands alone, it is insufficient evidence to satisfy Defendants' removal burden.

**C.**     <u>Judicial Experience and Common Sense</u>

Defendants further contend that common sense dictates that the amount in controversy is satisfied based upon Plaintiffs' request for mental anguish damages and punitive damages.  Defendants cite *Roe* for the proposition that even post-*Lowery*, district courts need not "suspend reality or shelve common sense" when deciding whether the jurisdictional threshold has been met.  613 F.3d 1058, 1062 (11th Cir. 2010).  In *Roe*, a wrongful death case, the Eleventh Circuit applied "judicial experience and common sense" to find that "a dispute in which the wanton conduct of a large company result[ed] in a death" satisfied the jurisdictional requirement.  *Id.*  Defendants contend that this principle, when applied to the case at hand, demonstrates that the amount in controversy exceeds

$75,000, even though Plaintiffs' claims begin at $2,000 for each.   However, "judicial experience and common sense" do not lead to such a clear result.   The alleged injuries in this case simply do not rise to the level of those for wrongful death alleged in *Roe*, notwithstanding the requests for mental anguish damages and punitive damages.   The court will not speculate as to the amount of damages.

Thus, Defendants have failed to meet their burden of proving, by a preponderance of the evidence, that the jurisdictional amount-in-controversy requirement is satisfied.

## IV.  CONCLUSION

For the foregoing reasons, subject matter jurisdiction is lacking over this removed action for Defendants' failure to establish the required minimum amount in controversy by a preponderance of the evidence.   Accordingly, it is ORDERED that Plaintiffs' Motion to Remand (Doc. # 20) is GRANTED, and that this case is REMANDED to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C. § 1447(c).   The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 12th day of May, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE